SCANNED

CRIMINAL NO. 3:02CR30042 M.A.P. – CIVIL NO. _____

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

05 - 30205 - MAP

BRENDAN A. MCGARRETT,

MOVANT,

-VS-

UNITED STATES OF AMERICA,

RESPONDENT.

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY PURSUANT TO
TITLE 28 U.S.C. § 2255**

---

Brendan A. McGarrett
Reg. No. 90695-038
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, PA  17887

Movant, *Pro se*

# TABLE OF CONTENTS

Page(s)

Table of Authorities ............................................................... i

Jurisdiction Statement........................................................... 1

Issues Presented .................................................................. 1

Statement of the Case............................................................ 1

Statement of the Facts .......................................................... 2

Summary of the Argument..................................................... 2

Argument ..................................................................... 3

    I.    Counsel Provided Constitutionally Ineffective
        Assistance When He Failed To File A Notice of
        Appeal............................................................. 3

    II.    Counsel Provided Constitutionally Ineffective
        Assistance When He Failed To Argue At Sentencing
        Or On Direct Appeal That Movant's Prior
        Conviction For Grand Theft Was Not A Crime
        Of Violence ...................................................... 5

    III.    Counsel Provided Constitutionally Ineffective
        Assistance When He Failed To Argue At Sentencing
        Or On Direct Appeal That Movant's Instant Offense
        Of Possessing A Sawed-Off Shotgun Not Registered To
        Him Does Not Constitute A
        Crime of Violence ............................................ 10

Relief Requested ................................................................. 13

Conclusion ..................................................................... 14

Declaration ..................................................................... 15

i

Attachments.

One    Movant's Affidavit ..................................................    1-11

Two    South Dakota Official Court Statement....................    12

Three Indictment ................................................................    13-16

# TABLE OF AUTHORITIES

## Federal Cases                                      Page(s)

*Almendarez-Torres v. United States,*
    523 U.S. 224 (1998)..................................................  8

*Apprendi v. New Jersey,*
    530 U.S. 466 (2000)..................................................  8, 9

*Blakely v. Washington,*
    124 S.Ct. 2531 (2004)...............................................  8, 11

*Peguero v. United States,*
    526 U.S. 23 (1999)....................................................  2, 4

*Rodriguez v. Untied States,*
    395 U.S. 327 (1969)..................................................  4

*Roe v. Flores-Ortega,*
    528 U.S. 970 (2000)..................................................  4

*Shepard v. United States,*
    161 L.Ed.2d 205 (2005).............................................  6, 8, 9, 11

*Strickland v. Washington,*
    466 U.S. 668 (1984)..................................................  3, 10

*Taylor v. United States,*
    495 U.S. 575 (1990)..................................................  6, 9

*United States v. Allegree,*
    175 F.3d 648 (8th Cir.), *cert. denied,*
    528 U.S. 958 (1999)..................................................  11

*United States v. Booker,*
    125 S.Ct. 738 (2005)................................................  8, 9, 11

*United States v. Dwyer,*
    245 F.3d 1168 (10th Cir. 2001) ...............................  11

*United States v. Fortes,*
    141 F.3d 1 (1st Cir. 1998)...........................................  10, 12

*United States v. Greer,*
    2005 WL 396368 (M.D. Ga.) ....................................  8

*United States v. Hayes,*
    7 F.3d 144 (9th Cir. 1993) .........................................  11

*United States v. Johnson,*
    246 F.3d 330 (4th Cir. 2001) ....................................  11

*United States v. Rivas-Palacious,*
    244 F.3d 396 (5th Cir. 2001) ....................................  11

*United States v. Walker,*
    237 F.3d 845 (7th Cir. 2001) ....................................  11

## STATUTES

18 U.S.C. § 922(g)(1)............................................................  1

18 U.S.C § 924(e) ................................................................  8

26 U.S.C. § 5841 .................................................................  3, 10

28 U.S.C. § 5861(d) .............................................................  1, 3, 10

26 U.S.C. § 5871 .................................................................  10

28 U.S.C. § 2255 .................................................................  1

SDCL 22-30A-1 ..................................................................  5

SDCL 22-30A-17(1).............................................................  5

## **OTHER AUTHORITIES**

U.S. Const. Amend. V ............................................................     12

U.S. Const. Amend. VI .......................................................     3, 12

United States Sentencing Guidelines ("USSG") Manuel,

2001 ed.     .........................................................................     6

USSG § 2K2.1 ....................................................................     3

USSG § 4B1.2 ....................................................................     3,6,7,8,9,10

v

## JURIDICTIONAL STATEMENT

This Court has jurisdiction pursuant to Title 28 U.S.C. § 2255.

## ISSUES PRESENTED

I.    WHETHER COUNSEL PROVIDED CONSTITUTIONALLY
      INEFFECTIVE ASSISTANCE BY FAILING TO FILE A
      NOTICE OF APPEAL.

II.   WHETHER COUNSEL PROVIDED CONSTITUTIONALLY
      INEFFECTIVE ASSISTANCE BY FAILING TO ARGUE AT
      SENTENCING OR ON DIRECT APPEAL THAT MOVANT'S
      PRIOR CONVICTION FOR GRAND THEFT WAS NOT A
      CRIME OF VIOLENCE.

III.  WHETHER COUNSEL PROVIDED CONSTITUTIONALLY
      INEFFECTIVE ASSISTANCE BY FAILING TO ARGUE AT
      SENTENCING OR ON DIRECT APPEAL THAT MOVANT'S
      INSTANT OFFENSE OF POSSESSING A SAWED-OFF
      SHOTGUN NOT REGISTERED TO HIM DOES NOT
      CONSTITUTE A CRIME OF VIOLENCE.

## STATEMENT OF THE CASE

On July 12, 2002, Movant was arrested on the charges that resulted in the instant federal prosecution.

On November 11, 2002, Movant was indicted by a federal grand jury sitting in the District of Massachusetts on charges of possession of a sawed-off shotgun, in violation of 26 U.S.C. § 5861(d); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession of ammunition by a convicted felon, also in violation of 18 U.S.C. § 922(g)(1).

On June 9, 2004, Movant pled guilty to the above charges in the United States District Court, District of Massachusetts (M. Ponsor, J.).

1

On December 14, 2004, the District Court, in adopting the factual findings contained in the presentence report, but finding the Guidelines unconstitutional in part, imposed a sentence of 115 months' imprisonment on each of the three counts, with each sentence to be served concurrently with one another. A concurrent term of three (3) years' supervised release was also imposed on each count.

No notice of appeal was filed.

### STATEMENT OF THE FACTS

The facts admitted by Movant were that he was found to be in possession of a sawed-off shotgun and ammunition, and that he knew it was unlawful for him to possess these items.

### SUMMARY OF THE ARGUMENT

In Issue I, it is demonstrated that Movant's counsel provided constitutionally ineffective assistance when he failed to file a notice of appeal after Movant specifically instructed him to do so. Counsel's performance on this score was especially egregious for two reasons. First, counsel promised Movant he (counsel) would file the notice of appeal. If counsel had not made this promise (a promise Movant reasonably relied upon), Movant would have filed the notice of appeal himself. Secondly, as demonstrated in Issues II and III, *infra*, Movant had meritorious grounds for appeal.[1]

It is in fact shown in Issue II, that counsel provided constitutionally ineffective assistance when he failed to argue at sentencing and/or on direct

---

[1] Although, since Movant had instructed his attorney to file a notice of appeal, it is not necessary for him to show that "his appeal would likely have had merit," *Peguero v. United States*, 526 U.S. 23, 28 (1999), he nonetheless argues the merits herein so that this Court, should it find the issue(s) meritorious, can, if it so chooses, grant relief without the necessity of reinstating Movant's appellate rights.

2

appeal that Movant's prior conviction for grand theft was not a "crime of violence" as defined by USSG §4B1.2, and that, therefore, the conviction should not have been used to increase Movant's Base Offense Level ("BOL") under USSG §2K2.1.

In Issue III, it is shown that counsel provided constitutionally ineffective assistance when he failed to argue at sentencing and/or on direct appeal that Movant's possession of a sawed-off shotgun not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841 and 5861(d), does not constitute a "crime of violence" as defined by USSG §4B1.2, and that, therefore, the offense should not have been used to trigger the career offender enhancement promulgated in USSG §4B1.1.

Each of these issues are discussed seriatim below.

## ARGUMENT

I.    Counsel Provided Constitutionally Ineffective Assistance
      When He Failed To File A Notice Of Appeal.

### FACTS

The facts relevant to this Issue are delineated in Movant's sworn affidavit (and attachments to affidavit), *see* Attachment One, Affidavit of Brendan A. McGarrett, pp. 1-11. Suffice it to say, Movant specifically instructed his attorney, Mr. Ettenberg, to appeal Movant's sentence. Counsel said he would file the necessary paperwork, but did not do so. Therefore, Movant lost his right to direct review of his sentence.

### LEGAL ANALYSIS

In *Strickland v. Washington*, 466 U.S. 688 (1984), the United States Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance, *id.* at 687, and announced a now-

3

familiar test: A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," *id.* , at 688, and (2) that counsel's deficient performance prejudiced the defendant. *Id.*, at 694. This test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

The *Roe* court further stated:

> "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriguez v. United States*, 395 U.S. 327 (1969); *cf. Peguero v. United States*, 526 U.S. 23, 28 (1999) ('[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." (additional citations omitted).

*Id.* at 477.

In the case at bar, Movant specifically instructed counsel to file a notice of appeal. *See* Movant's affidavit, Attachment One, p.2 ¶ 7. Counsel, however, failed to file the notice, thus depriving Movant of his right to direct review of his sentence. Moreover, as the attached affidavit and attachments make clear, but for counsels deficient performance, Movant most certainly would have appealed his sentence. Further, and although not required to do so for the purposes of this claim, Movant demonstrates in Issues II and III, *infra*, that he indeed had meritorious issues for appeal. Therefore, even if this Court is disinclined to accept the veracity of Movant's affidavit, as well

4

as the affidavit of his mother, Movant nonetheless makes the requisite

showing of prejudice necessary to warrant a new appeal by showing (a) that

but for counsels deficient performance, Movant would have appealed; and

(b) that Movant had non-frivolous grounds with which to appeal.

II.     Counsel Provided Constitutionally Ineffective Assistance When
        When He Failed To Argue At Sentencing Or On Direct Appeal
        That Movant's Prior Conviction For Grand Theft Was Not A
        Crime Of Violence.

FACTS

On April 14, 1994, Movant pleaded guilty in the Fourth Judicial

Circuit Court of South Dakota to a charge of grand theft (*see* Court's

Official Statement, Attachment Two, p. 12). As part of the plea agreement,

additional charges of first degree robbery, aggravated assault, and first

degree burglary were dismissed by the State. *Id.* Specifically, Movant

admitted only to the following:

> That on or about the 22nd day of August, 1993,
> in the County of Davison, State of South Dakota, Brendan A.
> McGarrett [Movant] committed the public offense of Grand
> Theft (Class 4 Felony), in violation of SDCL 22-30A-1, in
> that he took or exercised control over property of another, to-
> wit: cash belonging to the Corner Pantry, with intent to deprive
> the Corner Pantry of said property, the value of which is more
> than $500.00; contrary to statute in such case made and provided
> against the peace and dignity of the State of South Dakota.

*Id.* SDCL 22-30A-1 provides:

> Theft defined. Any person who takes, or exercises control
> over, property of another with intent to deprive him of it, is guilty
> of theft.

Further, SDCL 22-30A-17(1) explains that theft is grand theft if the value of

the property stolen exceeds five hundred dollars.

## LEGAL ANALYSIS

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court
held that a court sentencing under the Armed Career Criminal Act
("ACCA") could look to statutory elements, charging documents and jury
instructions to determine whether an earlier conviction after trial was for a
crime of violence. The Court further explained in *Shepard v. United States*,
544 U.S. ___. 161 L.Ed.2d 205 (2005), that a sentencing court could not
"look to police reports or complaint applications to determine whether an
earlier guilty plea necessarily admitted, and supported a conviction for," a
crime of violence. *Id.* at 211 (emphasis added). The Court further held that
a later court, in determining the character of a prior offense, "is generally
limited to examining the statutory definition, charging documents, written
plea agreement, transcript of plea colloquy, and any explicit factual finding
by the trial judge to which the defendant assented." *Id.*

United States Sentencing Guideline ("USSG") § 4B1.2 defines a
crime of violence as follows:

(a) The term "crime of violence" means any offense under federal or
state law, punishable by imprisonment for a term exceeding one
year, that- -

   (1) has an element the use, attempted use, or threatened use of
   physical force against the person of another, or

   (2) is burglary of a dwelling, arson, or extortion, involves the
   use of explosives, or otherwise involves conduct that
   presents a serious potential risk of physical injury to another.

(Guidelines Manuel, 2001 ed.). Clearly, in looking at the statutory definition
of grand theft, along with the factual findings of the South Dakota Court to

6

which Movant assented, Movant's prior conviction for grand theft cannot be considered a crime of violence as defined above. Indeed, in the case at bar, the only way the trial judge could have concluded that movant's grand theft conviction was a crime of violence was by looking at the Presentence Report ("PSR"), which stated:

> Mitchell, South Dakota, **Police Department records** indicate that on 8/22/93 at 10:15 p.m. an individual wearing a hood, blue jeans, and a maroon t-shirt entered the Corner Pantry Convenience Store and pointed a small silver handgun at a female clerk behind the counter. The robber demanded money and was given $930 in cash. Officers interviewed individuals in the nearby stores, McDonald's Restaurant, Thunderbird Motel, and the Fina Café. Several witnesses described seeing an individual without a hood wearing those clothes in the vicinity and provided a description of the defendant. One witness had been in the Corner Pantry moments before the robbery and observed the defendant get out of a vehicle at the Jifi Lube garage behind the convenience store. Court Records indicate the defendant was represented by counsel. The defendant was originally charged with first degree robbery, aggravated assault, and two counts of first degree burglary.

PSR at paragraph 67 (emphasis added). This account, while certainly depicting violent criminal conduct, was neither admitted by Movant nor proved beyond a reasonable doubt (or by any standard, for the matter). Therefore, the conduct delineated above should not have been considered by the Court in determining whether Movant's prior conviction for grand theft constituted a crime of violence.

Grand theft, by statutory definition, is not a crime of violence. Nor did the conduct admitted by Movant present "a serious potential risk of physical injury to another." USSG 4B1.2(a)(2).

7

Although, at least for the time being, the *fact*, of a prior conviction does not have to be proven beyond a reasonable doubt or admitted by the defendant, *see Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the *nature* of a prior conviction, if its determination requires additional factfinding, and if the conviction is used to increase the ceiling of a potential sentence, must be determined by a jury or admitted by the defendant. A district judge in Georgia summed it up nicely:

> "[T]he judicial factfinding urged by the Government in this case goes beyond a simple ministerial determination as to whether a defendant has previously been convicted of a crime. It requires the Court to evaluate the qualitative nature of the prior convictions to determine whether they were "violent" as contemplated by 18 U.S.C. § 924(e) [the functional equivalent of USSG § 4B1.2]. Determining the factual nature of a prior conviction is materially different from simply finding the existence of a prior conviction for recidivism purposes. The Court finds that the Sixth Amendment to the Constitution, as interpreted in *Booker* and *Blakely*,[2] reserves this type of factfinding for jury determination.

*United States v. Greer*, 2005 WL 396368 (M.D. Ga.), p. 3 (footnote added). This passage may reflect an expansive reading of *Apprendi, Blakely, Booker* and *Shepard*, but it nonetheless is a correct reading of the law. Of course, Movant is not arguing that the trial judge erred in determining *whether* the prior conviction was a crime of violence (although Movant believes that he did), but rather he is arguing that the trial judge erred in determining that the prior conviction *was* a crime of violence. The distinction is an important one. For instance, had Movant admitted (or a jury found) that he stole money from a store and then, in an effort to evade capture, was engaged in a

---

[2] *Blakely v. Washington*, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)
   *United States v. Booker*, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)

8

high-speed vehicle chase through a school zone, a later court arguably could determine, without offending the Fifth and Sixth Amendments, that the offense "involved conduct that present[ed] a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2). However, a later court could not, in the first instance, determine that the defendant was engaged in a high-speed chase, when the alleged fact was neither proven to a jury beyond a reasonable doubt, nor admitted by the defendant. Nor could a later court consider *potential* conduct in determining whether an offense constitutes a crime of violence. To hold otherwise would be to effectively re-write §4B1.2(a)(2) to say: "...or otherwise involves conduct that creates the potential for additional conduct that would present a serious potential risk of physical injury." However, that is *not* what the Guideline provision states.

In any case, even under the most narrow reading of *Apprendi, Booker, Taylor* and *Shepard*, Movant's prior conviction for grand theft was not a crime of violence and counsel's performance was deficient for not arguing the issue at sentencing or on direct appeal. Moreover, but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different. In fact, had counsel successfully argued that grand theft was not a crime of violence, Movant's BOL would have been 19 with a CHC of IV, thus producing a guideline range of between 46 and 57 months. Movant's actual sentence was 115 months, or at least 58 months more than he would have received had counsel raised the issue in a manner consistent with the argument raised herein.

Having clearly satisfied both prongs of the *Strickland* test, Movant is entitled to have his sentence vacated and be re-sentenced at a BOL of 19, CHC IV.[3]

III.    Counsel Provided Constitutionally Ineffective Assistance When He Failed To Argue At Sentencing Or On Direct Appeal That Movant's Instant Offense Of Possessing A Sawed-Off Shotgun Not Registered To Him Does Not Constitute A Crime of Violence.

FACTS

Movant admitted that from on or about July 11, 2002, through on or about July 12, 2002, in Palmer, Massachusetts, he knowingly received and possessed a firearm, namely a shotgun, serial number B934085, whose barrel length had been modified to less than eighteen inches and whose overall length had been modified to less than twenty-six inches, not registered to him in the National Firearms Registration and Transfer Record. All in violation of Title 26, U.S.C. Sections 5841, 5861(d), and 5871. *See* Indictment, Attachment Three, pp. 13-16.

The trial judge found this offense to be a crime of violence and sentenced Movant as a career offender.[4]  *See* Sentencing Transcript, p. 8.

LEGAL ANALYSIS

Movant acknowledges that every Circuit that has considered the issue has determined that a prior conviction for possessing a sawed-off shotgun constitutes a crime of violence. *See e.g., United States v. Fortes*, 141 F.3d

---

[3] Movant does not assert nor does he desire that his guilty plea should be upset based on counsel's ineffective assistance.

[4] The trial judge made no explicit finding that possessing a sawed-off shotgun was a crime of violence, but he could not have arrived at the conclusion that the career offender provision was applicable without first determining that possession of this type of weapon constituted a crime of violence. This is true because the Guidelines specifically exclude the offense of unlawful possession of a firearm by a felon as constituting a crime of violence. *See* USSG §4B1.2, n.1.

1,6 (1st Cir. 1998); *United States v. Johnson*, 246 F.3d 330 (4th Cir. 2001); *United States v. Rivas-Palacious*, 244 F.3d 396, 397 (5th Cir. 2001); *United States v. Walker*, 237 F.3d 845 (7th Cir. 2001); *United States v. Allegree*, 175 F.3d 648 (8th Cir.), *cert. denied*, 528 U.S. 958 (1999); *United States v. Hayes*, 7 F.3d 144, 145 (9th Cir. 1993); *United States v. Dwyer*, 245 F.3d 1168 (10th Cir. 2001). All of these cases, however, are readily distinguishable from the case *sub judice*. First, these cases were all decided prior to the Supreme Court's decisions in *Blakely, Booker* and *Shepard*.[5] This fact is important because, as discussed in Issue II, *supra*, the judge's ability to engage in judicial factfinding has been severely curtailed. While a judge may consider the admitted or proven conduct of a defendant in determining whether that conduct presented a serious potential risk of injury to another, the judge may not extrapolate and consider hypothetical conduct that was neither committed by a defendant nor admitted or proven beyond a reasonable doubt. In other words, if a defendant admits, or a jury determines, that he possessed a sawed-off shotgun while speeding through a crowded shopping mall on roller skates, the judge would then be free to conclude that the defendant's offense of possessing a sawed-off shotgun involved conduct that presented a serious potential risk of physical injury to another. Conversely, however, the *possibility* of a defendant strapping on roller skates and speeding through a crowded shopping mall while in possession of a sawed-off shotgun is insufficient to render the conduct of

---

[5] Although Movant was sentenced prior to *Booker* and *Shepard*, had counsel filed a notice of appeal, Movant's conviction would not have been final at the time the *Booker* and *Shepard* decisions were issued. Therefore, this claim as well as, the claim in Issue II, should be considered in a post *Booker* and post *Shepard* context. However, neither decision is critical to Movant's ineffective assistance of counsel claim, as possession of a sawed-off shotgun is not a crime of violence, with or without the benefit of *Booker* and *Shepard*.

11

simply possessing that firearm conduct that presents a serious potential risk of physical injury to another, and a judge may not consider that hypothetical conduct without running afoul of the Fifth and Sixth Amendments to the Federal constitution. In *United States v. Fortes*, 141 F.3d 1, 6 (1st Cir. 1998), the First Circuit reasoned that sawed-off shotguns are "inherently dangerous and generally lack[ ] usefulness, except for violent and criminal purposes." However, the question is not whether the *firearm* presents a serious potential risk of injury to another, but rather it is whether the involved *conduct* presents such a risk.

The second distinction between the cases cited above and the case at bar is that, in nearly all of those cases, the courts considered the defendant's possession of a sawed-off shotgun in the context of prior state convictions, and not in the context of instant federal convictions. The distinction may seem slight, but the significance is revealed when one considers that the respective states criminalize the actual act of possessing a sawed-off shotgun, whereas under federal law it is legal to possess a sawed-off shotgun so long as the firearm is registered in the possessor's name in the National Firearms Registration and Transfer Record. Therefore, the crime is not the possession of a sawed-off shotgun, but rather it is the possessor not ensuring that the firearm is registered in his or her name. In other words, the offense is essentially a tax violation, and it is difficult to imagine a tax violation involving conduct that presents a serious potential risk of physical injury to another.

In the final analysis, unless a court is willing to concede that Congress's regulation of certain firearms under the guise of a tax violation represents an artifice designed to make an end-run around Congress's lack of

12

Constitutional authority to regulate such items, possession of a sawed-off shotgun can never be considered a crime of violence.

In any case, Movant's possession of a sawed-off shotgun is not a crime of violence, and counsel was constitutionally ineffective for failing to argue the issue at sentencing or on direct appeal. And, as in Issue II, *supra*, the prejudice is clear. Had the instant offense not been classified as a crime of violence, Movant's BOL would have been 23 with a CHC of IV (as opposed to VI for being classified as a career offender). This calculation produces a sentencing range of between 70 and 87 months, at least 28 months less than movant actually received.

## **RELIEF REQUESTED**

Movant requests the following relief:

1.    That a new direct appeal be granted;

2.    That Movant's sentence be vacated and that he be re-sentenced excluding grand theft and possession of a sawed-off shotgun as crimes of violence;

3.    That the Court order and evidentiary hearing to resolve any disputed facts, if any; and

4.    That the Court grant any additional relief it deems just and appropriate.

13

## **CONCLUSION**

For the foregoing reasons and authorities cited, Movant respectfully submits that the Court should grant the relief requested above.

Respectfully submitted,

BRENDAN A. MCGARRETT
Reg. No. 90695-038
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, PA  17887

Movant, *pro se*

Dated: 9/9/2005

14

# DECLARATION

Having been duly sworn, I, Brendan A. McGarrett, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

_Brendan A. McGarrett_

Brendan A. McGarrett

Dated: _9 - 12 - 05_

Subscribed and sworn to before me this _12th_ day of _Sept._, 2005.

_____, Case Manager
Authorized by the Act of July 7, 1955, as amended to administer oaths (18 USC 4004).

USP Allenwood Case Manager
Authorized to Administer
Oaths

# ATTACHMENT ONE

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **BRENDAN A. McGARRETT,** | ) | |
| **Movant,** | ) | **Criminal No. 3:02CR 30042** |
| | ) | |
| **-vs-** | ) | **Civil No. _____** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **AFFIDAVIT OF** |
| | ) | **BRENDAN A. McGARRETT** |
| **Respondent.** | ) | |

| | | |
|---|---|---|
| **STATE OF PENNSYLVANIA** | ) | |
| | ) | **SS.:** |
| **COUNTY OF UNION** | ) | |

I, Brendan A. McGarrett, having been duly sworn, hereby depose and state as follows:

1.      I am the Movant in the above-captioned case;

2.      On July 12, 2002, I was arrested and charged with various weapons offenses;

3.      On November 11, 2002, I was indicted by a federal grand jury sitting in the District of Massachusetts for possession of a sawed off shotgun, in violation of 26 U.S.C. § 5861(d); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession of ammunition by a convicted felon, also in violation of 18 U.S.C. § 922 (g)(1);

4.     On June 9, 2004, I pleaded guilty to the above charges in the United States District Court, District of Massachusetts (M.Ponsor, J);

5.     On December 14, 2004, I was sentenced to a term of 115 months imprisonment on each of the above counts, with each term to be served concurrently with one another;

6.     At the conclusion of the sentencing hearing, the District Judge informed me of my right to appeal the sentence;

7.     I immediately told my attorney, Mr. Ettenberg, that I did in fact want him to appeal my sentence;

8.     Two days after the sentencing hearing, on the afternoon of December 16, 2004, I called Mr. Ettenberg at his office from the Wyatt Detention Center in Rhode Island and once again told him that I wanted him to appeal my sentence;

9.     On or about December 20, 2004, I once again spoke with Mr. Ettenberg, and he informed me that he had not yet taken the steps necessary to preserve my right to appeal my sentence. He stated that he was very busy with an upcoming trial and other matters, but that he would file the necessary paperwork with the Court;

10.     After the conversation that took place on or about December 20, 2004, it was impossible for me to reach Mr. Ettenberg. I called his office repeatedly, but only was able to speak with his secretary and leave messages on his voice mail;

2

11.    On March 20, 2005, I sent a letter to the Honorable Judge Ponsor, requesting that the Court remove Mr. Ettenberg as my attorney and to appoint another attorney to handle my appeal (*see* attachment A);

12.    On or about April 8, 2005, I received a letter from District Court Deputy Clerk Ms. Elizabeth A. French, informing me that appointment of counsel on appeal is handled by the Court of Appeals in Boston (*see* Attachment B);

13.    On April 8, 2005, I wrote to the Clerk of the First Circuit Court of Appeals, explaining that I had not heard from Mr. Ettenberg, that I did not want to lose my right to appeal, and that I wished for the Court of Appeals to appoint new counsel (*see* Attachment C);

14.    In a letter dated April 21, 2005, Operations Manager for the First Circuit Court of Appeals, Ms. Julie Gregg, informed me that they had no such case pending in their Court, and that a review of the district court docket for Cr. No. 02-30042 (D.Mass) did not show that a notice of appeal was filed on my behalf (*see* Attachment D); and

15.    During my conversations with Mr. Ettenberg, I made it perfectly clear that I wanted to appeal my sentence and that I wanted him to perfect the appeal.  In fact, my mother, Ms. Annie McGarrett, listened in on the telephone calls I made to Mr. Ettenberg from the Wyatt Detention Center because I could only reach him via three-way calls which my mother facilitated (*see* Attachment E).

3

*3*

FURTHER AFFIANT SAYTH NOT.

I, Brendan A. McGarrett, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: 9/12/05

Brendan A. McGarrett
Reg. No. 90695-038
USP Allenwood
P.O. Box 3000
White Deer, PA  17887

Subscribed and sworn to before me this _____ 12th _____ day of _____ Sept. _____, 2005.

_____, Case Manager
Authorized by the Act of 7,
1955, amen   administer
oaths (18 USC 4004).

USP Allenwood Case Manager
Authorized to Administer Oaths

4

Brendan McGarrett    Fed Case No. 02-30042 MAP.
ID # 90695-038
USP. Allenwood
P.O. Box 3000
White Deer .PA. 17887

Dear Judge Ponsor,

                    I am writing your honor to
ask that you please give me another Lawyer
to appeal my sentence. (Dec. 14th 04.) Attorney
Peter Ettenberg told me he would help me
appeal certain aspects of my sentencing. This
was just a few days after I was sentenced.
He told me to be patient because at that
time he had a full Calender due to an
upcoming trial, hearings, and other matters.
     This carried on during the entire time I
was at the Wyatt Detention Center in
Rhode Island. Before I was sentenced he
took all my phone calls and answered
nearly all my letters.

                    I was transferred from the Wyatt
Detention Center in February 05. Since then
he hasnt taken even one of my calls nor
has he answered my letters. Its been
very frustating, but I have been afraid to

**ATTACHMENT A**                                    5

say anything to him for fear he wont help me. I think there's a time limit to file a notice of appeal but I dont know what that is or how to file for it. and I am afraid I'll lose my right to appeal if I keep waiting for Mr. Ettenberg. to represent me.

Please Sir, This letter is to ask you to please remove Mr. Peter Ettenberg as my attorney and appoint me another attorney to handle my appeal to my current sentence.

Thank You very much for your time and consideration!

Sincerely,

Evelin McGutt

6



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
OFFICE OF THE CLERK
FEDERAL BUILDING AND COURTHOUSE
1550 MAIN ST.
SPRINGFIELD, MASSACHUSETTS 01103
TELEPHONE: 413-785-0015
FAX: 413-785-0204



Sarah Allison Thornton                                    John C. Stuckenbruck
    Clerk of Court                                            Division Manager

**April 6, 2005**

Brendan McGarrett
#90695-038
U.S.P. Allenwood
P. O. 3000
White Deer, PA    17887

Dear Mr. McGarrett:

Judge Ponsor has asked me to respond to your letter of March 20, 2005. Appointment of counsel on appeal is handled by the Court of Appeals in Boston. Their address is: Clerk, U.S. Court of Appeals for the First Circuit, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2500, Boston, MA   02210.

At Judge Ponsor's request, I am forwarding a copy of this letter to Attorney Peter Ettenberg.

Very truly yours,

*Elizabeth A French*

Elizabeth A. French
Deputy Clerk

cc: Peter Ettenberg, Esq.

ATTACHMENT B

7

Friday 4-8-05.

Dear Clerk, U.S. court of appeals for the 13 P 1:29 First Circut.

I am enclosing two letters for your review. One I wrote to Judge Michael Ponsor and the other is the courts response.

Would you please appoint me counsel to represent me in the direct appeal of my December 14th, 2004, Sentencing.

Reiterating what I wrote to Judge Ponsor, I do not wish to lose my right to direct appeal. However, I have not heard from Mr. Peter Ettenberg as to what he's done so far and am asking that this court appoint me counsel to pursue my appeal.

Thank you for your time.

Sincerely,

Brendan McGarrett

My Address:

Brendan A. McGarrett
# 90695-038
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA. 17887

8

**ATTACHMENT C**

OFFICE OF THE CLERK

**UNITED STATES COURT OF APPEALS**

FOR THE FIRST CIRCUIT

· RICHARD CUSHING DONOVAN
CLERK

JOHN JOSEPH MOAKLEY
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2500
BOSTON, MA 02210
(617) 748-9057

April 21, 2005

Brendan McGarrett #90695-038
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA  17887

Dear Mr. McGarrett:

     This letter will acknowledge receipt of your correspondence, dated April 8, 2005, in which you request appointment of counsel for your direct criminal appeal.  We have no such case pending in this court, and a review of the district court docket for Cr. No. 02-30042 (D. Mass.) does not show that a notice of appeal was filed on your behalf.  I note any notice of appeal must have been filed with ten days of entry of December 28, 2004 judgment.  Fed. R. App. P. 4(b)(1).

                                    Sincerely,
                                      Richard Cushing Donovan, Clerk

                              By:                       
                                   Julie Gregg, Operations Manager

cc:    Peter L. Ettenberg, Esq

**ATTACHMENT**  D

7

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BRENDAN A. McGARRETT,** | ) |
| **Movant,** | ) **Criminal No. 3:02CR 30042** |
| | ) |
| **-vs-** | ) **Civil No. _____** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) **AFFIDAVIT OF** |
| | ) **ANNIE McGARRETT** |
| **Respondent.** | ) |

| | | |
|---|---|---|
| **STATE OF MASSACHUSETTS** | ) | |
| | ) | **SS.:** |
| **COUNTY OF HAMPSHIRE** | ) | |

I, Annie McGarrett, having been duly sworn, hereby depose and state as follows:

1.     Within a few days after my son, Brendan McGarrett, was sentenced in federal court on December 14, 2004, I connected two telephone calls between Brendan and his attorney, Mr. Peter Ettenberg, using the three-way calling feature on my phone service;

2.     During these two telephone conversations, I listened in and overheard Brendan repeatedly tell Mr. Ettenberg the he (Brendan) wanted to appeal his sentence, and that he wanted Mr. Ettenberg to handle the appeal. Mr. Ettenberg responded (at least during the second conversation) by stating that he was very busy, but that he would take care of the paperwork;

3.     Subsequent to the second conversation, in the days immediately preceeding Christmas, I personally spoke with Mr. Ettenberg on two

*10*

occasions at my son's behest and inquired as to the status of Brendan's appeal. I made it explicitly clear that Brendan very much wanted to appeal his sentence:

     4.     After Christmas, I attempted for a number of months to get in touch with Mr. Ettenberg, both by calling his office personally and by placing three-way calls for Brendan; however, we were only successful in speaking with his secretary and leaving messages on his voice mail. No calls were returned.

FURTHER AFFIANT SAYTH NOT.

     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Date:  6 -1 4 - 05

                                    Annie McGarrett

Subscribed and sworn to before me this _____14 + 4_____ day

of __June_____, 2005.

                                   Notary Public



2

//

# ATTACHMENT ONE

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BRENDAN A. McGARRETT,** ) | |
| **Movant,** ) | **Criminal No. 3:02CR 30042** |
| ) | |
| **-vs-** ) | **Civil No. _____** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | **AFFIDAVIT OF** |
| ) | **BRENDAN A. McGARRETT** |
| **Respondent.** ) | |

| | |
|---|---|
| **STATE OF PENNSYLVANIA** ) | |
| ) | **SS.:** |
| **COUNTY OF UNION** ) | |

I, Brendan A. McGarrett, having been duly sworn, hereby depose and state as follows:

1.  I am the Movant in the above-captioned case;

2.  On July 12, 2002, I was arrested and charged with various weapons offenses;

3.  On November 11, 2002, I was indicted by a federal grand jury sitting in the District of Massachusetts for possession of a sawed off shotgun, in violation of 26 U.S.C. § 5861(d); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possession of ammunition by a convicted felon, also in violation of 18 U.S.C. § 922 (g)(1);

4.     On June 9, 2004, I pleaded guilty to the above charges in the United States District Court, District of Massachusetts (M.Ponsor, J);

5.     On December 14, 2004, I was sentenced to a term of 115 months imprisonment on each of the above counts, with each term to be served concurrently with one another;

6.     At the conclusion of the sentencing hearing, the District Judge informed me of my right to appeal the sentence;

7.     I immediately told my attorney, Mr. Ettenberg, that I did in fact want him to appeal my sentence;

8.     Two days after the sentencing hearing, on the afternoon of December 16, 2004, I called Mr. Ettenberg at his office from the Wyatt Detention Center in Rhode Island and once again told him that I wanted him to appeal my sentence;

9.     On or about December 20, 2004, I once again spoke with Mr. Ettenberg, and he informed me that he had not yet taken the steps necessary to preserve my right to appeal my sentence. He stated that he was very busy with an upcoming trial and other matters, but that he would file the necessary paperwork with the Court;

10.     After the conversation that took place on or about December 20, 2004, it was impossible for me to reach Mr. Ettenberg. I called his office repeatedly, but only was able to speak with his secretary and leave messages on his voice mail;

11.    On March 20, 2005, I sent a letter to the Honorable Judge
Ponsor, requesting that the Court remove Mr. Ettenberg as my attorney and
to appoint another attorney to handle my appeal (*see* attachment A);

12.    On or about April 8, 2005, I received a letter from District
Court Deputy Clerk Ms. Elizabeth A. French, informing me that
appointment of counsel on appeal is handled by the Court of Appeals in
Boston (*see* Attachment B);

13.    On April 8, 2005, I wrote to the Clerk of the First Circuit Court
of Appeals, explaining that I had not heard from Mr. Ettenberg, that I did not
want to lose my right to appeal, and that I wished for the Court of Appeals to
appoint new counsel (*see* Attachment C);

14.    In a letter dated April 21, 2005, Operations Manager for the
First Circuit Court of Appeals, Ms. Julie Gregg, informed me that they had
no such case pending in their Court, and that a review of the district court
docket for Cr. No. 02-30042 (D.Mass) did not show that a notice of appeal
was filed on my behalf (*see* Attachment D); and

15.    During my conversations with Mr. Ettenberg, I made it
perfectly clear that I wanted to appeal my sentence and that I wanted him to
perfect the appeal.  In fact, my mother, Ms. Annie McGarrett, listened in on
the telephone calls I made to Mr. Ettenberg from the Wyatt Detention Center
because I could only reach him via three-way calls which my mother
facilitated (*see* Attachment E).

FURTHER AFFIANT SAYTH NOT.

I, Brendan A. McGarrett, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: 9/12/05

Brendan A. McGarrett
Reg. No. 90695-038
USP Allenwood
P.O. Box 3000
White Deer, PA  17887

Subscribed and sworn to before me this _____ 12th _____ day of _____ Sept. _____, 2005.

_____, Case Manager
Authorized by the Act of July 7,
1955. Commenced to administer
oaths (18 USC 4004).

USP Allenwood Case Manager
Authorized to Administer Oaths

4

4

Brendan McGarrett    Fed Case No. 02-30042 MAP.
ID # 90695-038
USP Allenwood
P.O. Box 3000
White Deer PA. 17887

Dear Judge Ponsor,

        I am writing your honor to
ask that you please give me another Lawyer
to appeal my sentence. (Dec. 14th 04.) Attorney
Peter Ettenberg told me he would help me
appeal certain aspects of my sentencing, This
was just a few days after I was sentenced.
He told me to be patient because at that
time he had a full calender due to an
upcoming trial, hearings, and other matters.
This carried on during the entire time I
was at the Wyatt Detention Center in
Rhode Island. Before I was sentenced he
took all my phone calls and answered
nearly all my letters.

        I was transferred from the Wyatt
Detention Center in February 05. Since then
he hasn't taken even one of my calls nor
has he answered my letters. Its been
very frustating, but I have been afraid to

**ATTACHMENT A**                    5

say anything to him for fear he won't help me. I think there's a time limit to file a notice of appeal but I don't know what that is or how to file for it and I am afraid I'll lose my right to appeal if I keep waiting for Mr. Ettenberg to represent me.

Please Sir, This letter is to ask you to please remove Mr. Peter Ettenberg as my attorney and appoint me another attorney to handle my appeal to my current sentence.

Thank You very much for your time and consideration!

Sincerely,
Emelin McGinott

6




UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
OFFICE OF THE CLERK
FEDERAL BUILDING AND COURTHOUSE
1550 MAIN ST.
SPRINGFIELD, MASSACHUSETTS 01103
TELEPHONE: 413-785-0015
FAX: 413-785-0204

Sarah Allison Thornton
Clerk of Court

John C. Stuckenbruck
Division Manager

**April 6, 2005**

Brendan McGarrett
#90695-038
U.S.P. Allenwood
P. O. 3000
White Deer, PA    17887

Dear Mr. McGarrett:

Judge Ponsor has asked me to respond to your letter of March 20, 2005. Appointment of counsel on appeal is handled by the Court of Appeals in Boston. Their address is: Clerk, U.S. Court of Appeals for the First Circuit, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2500, Boston, MA  02210.

At Judge Ponsor's request, I am forwarding a copy of this letter to Attorney Peter Ettenberg.

Very truly yours,

Elizabeth A. French

**Elizabeth A. French**
**Deputy Clerk**

cc: Peter Ettenberg, Esq.

**ATTACHMENT B**

7

Friday   4-8-05.

Dear Clerk, U.S. court of appeals for the 13 First Circut.

        I am enclosing two letters for your review. One I wrote to Judge Michael Ponsor and the other is the courts responce.

        Would you please appoint me counsel to represent me in the direct appeal of my December 14th, 2004, Sentencing.

        Reiterating what I wrote to Judge Ponsor, I do not wish to lose my right to direct appeal. However, I have not heard from Mr. Peter Ettenberg as to what he's done so far and am asking that this court appoint me counsel to pursue my appeal.

        Thank you for your time.

        Sincerely,

        Brendan McGarrett

My Address:

    Brendan A. McGarrett
    # 90695-038
    U.S.P. Allenwood
    P.O. Box 3000
    White Deer, PA. 17887

8

## ATTACHMENT C

OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

· RICHARD CUSHING DONOVAN
CLERK

JOHN JOSEPH MOAKLEY
UNITED STATES COURTHOUSE
1 COURTHOUSE WAY, SUITE 2500
BOSTON, MA 02210
(617) 748-9057

April 21, 2005

Brendan McGarrett #90695-038
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA 17887

Dear Mr. McGarrett:

　　　　This letter will acknowledge receipt of your correspondence, dated April 8, 2005, in which you request appointment of counsel for your direct criminal appeal. We have no such case pending in this court, and a review of the district court docket for Cr. No. 02-30042 (D. Mass.) does not show that a notice of appeal was filed on your behalf. I note any notice of appeal must have been filed with ten days of entry of December 28, 2004 judgment. Fed. R. App. P. 4(b)(1).

　　　　　　　　　　Sincerely,
　　　　　　　　　　Richard Cushing Donovan, Clerk

By: _____
　　　Julie Gregg, Operations Manager

cc: 　Peter L. Ettenberg, Esq

ATTACHMENT b

7

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BRENDAN A. McGARRETT,** | ) |
| **Movant,** | ) **Criminal No. 3:02CR 30042** |
| | ) |
| **-vs-** | ) **Civil No. _____** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) **AFFIDAVIT OF** |
| | ) **ANNIE McGARRETT** |
| **Respondent.** | ) |

**STATE OF MASSACHUSETTS** )
                                 ) **SS.:**
**COUNTY OF HAMPSHIRE** )

I, Annie McGarrett, having been duly sworn, hereby depose and state as follows:

1.     Within a few days after my son, Brendan McGarrett, was sentenced in federal court on December 14, 2004, I connected two telephone calls between Brendan and his attorney, Mr. Peter Ettenberg, using the three-way calling feature on my phone service;

2.     During these two telephone conversations, I listened in and overheard Brendan repeatedly tell Mr. Ettenberg the he (Brendan) wanted to appeal his sentence, and that he wanted Mr. Ettenberg to handle the appeal. Mr. Ettenberg responded (at least during the second conversation) by stating that he was very busy, but that he would take care of the paperwork;

3.     Subsequent to the second conversation, in the days immediately preceeding Christmas, I personally spoke with Mr. Ettenberg on two

*10*

occasions at my son's behest and inquired as to the status of Brendan's appeal. I made it explicitly clear that Brendan very much wanted to appeal his sentence:

4.      After Christmas, I attempted for a number of months to get in touch with Mr. Ettenberg, both by calling his office personally and by placing three-way calls for Brendan; however, we were only successful in speaking with his secretary and leaving messages on his voice mail. No calls were returned.

FURTHER AFFIANT SAYTH NOT.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Date:  6-14-05

Annie McGarrett

Subscribed and sworn to before me this _____ 14 th _____ day of ___June_____, 2005.

Notary Public



2

11