UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRENDAN A. MCGARRETT, | ) | |
| Movant, | ) | Civil No. 3:05-cv-30205-MAP |
| | ) | |
| -vs- | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MOVANT'S REPLY TO GOVERNMENT'S RESPONSE
TO BRENDAN MCGARRETT'S § 2255 MOTION TO
VACATE, SET ASIDE OR CORRECT SENTENCE**

NOW COMES Brendan A. McGarrett ("Movant"), acting pro se, and submits this Reply in response to the Government's Response to Movant's Section 2255 motion ("Government's Response").

I. BACKGROUND

Movant accepts as accurate the factual and procedural background of this case as articulated in the Government's Response.

II. **MOVANT'S CLAIMS AND THE GOVERNMENT'S RESPONSE TO EACH CLAIM**

A. The Notice of Appeal Claim[1]

In its response to this claim, the Government states: "In the present case, Attorney Ettenberg has filed an affidavit indicating that McGarrett never instructed him to file a notice of appeal ... He disputes McGarrett's assertions." Government's Response, p.8. Further, the Government directs the Court to Exhibit B of its memorandum, which purports to contain Attorney Ettenberg's affidavit.[2] However, it absolutely defies credulity that the Govern-

---

1.  The Government's response to this claim appears in Section II, § B of its memorandum.

2.  Attorney Ettenberg's affidavit actually is attached as Exhibit C of the Government's Response.

ment would make such an assertion when the claim is wholly contradicted by none other than Attorney Ettenberg's own affidavit. In paragraph 3 of his affidavit, Attorney Ettenberg states: "My recollection is that after Mr. McGarrett was sentenced, Mr. McGarrett indicated to me that he wanted to appeal his sentence." Attorney Ettenberg then goes on to admit candidly that he did not want to file a notice of appeal because "[he] knew that it would be very difficult to withdraw [his] appearance before the First Circuit and [he] saw no appellate issues." Id. at paragraph 4. Nowhere in his affidavit does Attorney Ettenberg deny that Movant had instructed him to file a notice of appeal; he only provides reasons why he failed to do so. The affidavit clearly shows that Movant had instructed Attorney Ettenberg to file a notice of appeal, but that Attorney Ettenberg, for the reasons stated in the affidavit, did not think it was a good idea. With all due respect to Attorney Ettenberg, his thoughts on the matter are constitutionally irrelavent. The Government concedes (as it must) that "[a] counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of Section 2255.["] Government's Response, p.7 (internal quotation marks and citation omitted). The record, including Attorney Ettenberg's affidavit, overwhelmingly supports Movant's sworn uncontradicted assertion that he had instructed counsel to file a notice of appeal.

And again, in looking beyond the Government's audacious misrepresentation of Attorney Ettenberg's affidavit, it is clear that, as to the notice of appeal claim, there are no factual disputes to

2

resolve; therefore, there exists no need for an evidentiary hearing on this score. Indeed, movant simply requests that this Honorable Court reenter the judgment, thus reinstating Movant's right to a direct appeal.[3]

B. **Grand Theft Claim.**[4]

In its Response, the Government relies on two cases to support the proposition that grand theft is a crime of violence: United States v. DeJesus, 984 F.2d 21 (1st Cir. 1993)(finding larceny from the person a crime of violence) and United States v. Wofford, 122 F.3d 787 (9th Cir. 1997)(grand theft from a person under California law a crime of violence). Both of these cases, however, are readily distinguishable from the case at bar. Both cases involve the examination of state statutes - Massachusetts and California, respectively - which have as elements the requirement that the theft be from either the victim's person or the victim's immediate vicinity, DeJesus, 984 F.3d at 23, or solely from the victim's person,

---

3.  In his memorandum of law in support of his § 2255 motion, Movant suggested that, should this Court find Movant's additional ground(s) meritorious, the Court could grant relief without the necessity of reinstating Movant's appellate rights. See memorandum in support of § 2255, p.2, n.1. Movant reiterates that suggestion here.

4.  The Section of the Government's brief which addresses this issue is also labeled Section II, ¶B. The designation apparently is a typographical error.

3

Wofford, 122 F.3d at 792.[5]

In contrast, the relevant state statute in the case sub judice requires simply that the theft be of property of another. There is no requirement that the theft be from either the victim's person or the victim's immediate vicinity. Thus, the Government is incorrect when it states, "Grand theft under South Dakota law, like the larceny statute considered by the First Circuit in DeJesus, has the identical element of 'taking' from another." Government's Response at p. 9. Grand theft under South Dakota law requires the taking of property of another, not from another. The Government, through the art of legal legerdemain, attempts to sew into the South Dakota statute an element that the South Dakota legislature saw fit not to include. Thankfully, the determination of whether an offense is a crime of violence is not left up to the statutory interpretation of the Government, especially when the interpretation has as a springboard langauge the statute does not even contain. To say more would be to gild the lily.

Suffice it to say that by the Government's own reasoning and authorities cited, its argument recedes into the shadows. Grand theft under South Dakota law is not, under any conceivable definition, a crime of violence. Therefore, counsel was constitutionally ineffective for not challenging the issues in the trial court.

Finally, contrary to the Government's position, Movant is

---

5.

    The Government ascribes to the Wofford court the holding that grand theft is a crime of violence. See Government's Response, p. 9. However, the Government conveniently omits the fact that the California statute under review in Wofford dealt with grand theft from a person, and not simply grand theft. See also Cal. Penal Code §487(2)(California's grand theft from a person statute).

4

entitled to receive any benefit that Shepard v. United States, 544 U.S. \_\_\_\_, 161 L.Ed.2d 205 (2005) might provide. This is true for two reasons: First, Shepard did not announce a rule of constitutional law and is therefore not subject to a retroactivity analysis. Indeed, Shepard merely was a clarification of Taylor v. United States, 495 U.S. 575 (1990). Second, even assuming arguendo that Shepard did announce a new rule of law, had counsel filed a notice of appeal, Movant would have been on direct review at the time the Shepard decision was issued on March 7, 2005. Therefore, as Movant stated in his initial brief, the claims advanced by Movant should be adjudicated in the context of post-Shepard, as well as post-Booker jurisprudence.

### C. Sawed-Off Shotgun Claim

There are clear circumstances under which possession of a sawed-off shotgun is perfectly legal under federal law. In fact, it is only when the possessor has failed to ensure that the firearm is registered in his or her name with the National Firearms Registration and Transfer Record that the applicable statutes are implicated. In this light, it is the conduct of not registering the firearm that would have to present a serious potential risk of physical injury to another in order for 26 U.S.C. § 5861(d) to be considered a crime of violence.

Moreover, the Government's assertion that Blakely, Booker and Shepard are irrelevant in the context of this analysis is simply not correct. The Government contends that the "determination that the possession of a sawed-off shotgun is a crime of violence is not judicial factfinding" (Government's Response, p. 11), but how can a judge arrive at the conclusion that § 5861(d) is a crime of violence

5

without first making, at least implicitly, a finding of fact? What else could a judge's conclusion be based upon if not based upon a fact or a series of facts? Moreover, the case at bar does not present a situation in which the judge determined that § 5861(d) was a crime of violence in the context of a prior conviction, where arguably the judge has more factfinding discretion. The judge made this determination in the context of an instant offense; therefore, it was beyond the scope of the prior conviction exception carved out in Apprendi v. New Jersey, 530 U.S. 466 (2000). A judge simply does not have that discretion post-Blakely and post-Shepard.

In the final analysis, Congress, through the United States Sentencing Commission, determined that the unlawful possession of a firearm by a felon did not constitute a crime of violence. See U.S.S.G. § 4B1.1 n.1. However, at some point in time a lone judge, in an act of judicial legislation, declared that possessing a sawed-off shotgun not registered in the possessor's name was a crime of violence. This determination presumably was based on the "fact" that sawed-off shotguns are inherently more dangerous than handguns or regular long-barreled firearms. In any case, when a subsequent court increases a defendant's sentence based on the determination that the defendant's instant conviction for violating § 5861(d) is a crime of violence, the increased sentence is based on judicial factfinding, and not on Congressional or jury factfinding as the Sixth Amendment to the Federal Constitution requires.

Contrary to the Government's contention, the prior case law defining § 5861(d) as a crime of violence, at least in the context of an instant offense, does not survive Blakely, Booker and Shepard. Moreover, only an attorney oblivious to the Apprendi tsunami could

6

have failed to see the tides changing. Further, if attorneys only argued within existing precedent, evolution in the law would cease to exist.

### III. CONCLUSION

For the reasons and authorities set forth above, Movant's Motion to Vacate, Set Aside or Correct His Sentence should be granted.

Respectfully submitted,

*[signature]*

Brendan A. McGarrett
Reg. No. 90695-038
U.S. Penitentiary Allenwood
P.O. Box 3000
White Deer, PA 17887

Movant, pro se

Dated: 11/14/2005

CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of Movant's Reply to Government's Response to Brendan McGarrett's § 2255 Motion to Vacate, Set Aside or Correct Sentence was sent, via first-class prepaid mail, this _14th_ day of _November_, 2005, to the following counsel for the Government:

Mr. William Welch II
Assistant U.S. Attorney
1550 Main Street
Springfield, MA 01103

*[signature]*
Brendan A. McGarrett