UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

BRENDAN McGARRETT,            )
  Petitioner                  )
                              )
       v.                     ) No. 05-CV-30205-MAP
                              ) No. 02-CR-30042-MAP
UNITED STATES OF AMERICA,     )
  Respondent                  )


MEMORANDUM AND ORDER REGARDING
PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
(Docket No. 1)

February 23, 2007

PONSOR, D.J.

On November 21, 2002, Petitioner was indicted for possession of a sawed-off shotgun, possession of a firearm by a convicted felon, and possession of ammunition by a convicted felon. Following pleas of guilty, the court on December 14, 2004 sentenced Petitioner to 115 months custody to the Bureau of Prisons, concurrent on all three counts. No notice of appeal of this sentence was filed.

Petitioner now moves to set aside his sentence based upon ineffective assistance of counsel, arguing that his attorney failed to file a notice of appeal, despite Petitioner's explicit instructions to do so.

of actual prejudice is not necessary. <u>Yodprasit v. United States</u>, 294 F.3d 966, 969 (8th Cir. 2002). The government, however, suggests that an evidentiary hearing may be necessary to determine whether Petitioner, in fact, ever gave his attorney the instruction.

The state of the record makes an evidentiary hearing unnecessary. Prior counsel for Petitioner has submitted an affidavit stating explicitly that "[m]y recollection is that after [Petitioner] was sentenced, [Petitioner] indicated to me that he wanted to appeal his sentence." (Dkt. No. 5, Ex. C, Ettenberg Aff. ¶¶ 3-4.) Defense counsel goes on to state his reasons for making the decision not to file the appeal, but there is no dispute that Petitioner actually requested the appeal. Under these circumstances, Petitioner is entitled to relief pursuant to § 2255.

These situations arise regularly, and the proper approach has been well established.

> When the district courts . . . conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect the remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted is to be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by [Federal] Rule [of Appellate Procedure] 4(b)(1)(A)(i).

United States v. Torres-Otero, 232 F.3d 24, 31-32 (1st Cir. 2000)(quoting United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000)).

In this case, the court finds that Petitioner is entitled to a remedy based upon the ineffective assistance of his defense counsel in failing to file a notice of appeal, despite Petitioner's request to do so. The court therefore orders as follows:

> 1. The criminal judgment imposed by the court on December 28, 2004 in the case of United States of America v. Brendan McGarrett, 02-CR-30042-MAP, is hereby ordered VACATED.
>
> 2. The clerk is ordered to enter a new judgment in 02-CR-30042-MAP that is identical to the previous judgment in all respects except for the date of entry.
>
> 3. Petitioner is hereby notified of his right to appeal this new judgment within ten days of the date of its entry.
>
> 4. Recognizing that Petitioner is currently incarcerated at some distance from the court, and that notice of the court's order may take time to reach him, the clerk will file a notice of appeal on behalf of Petitioner in 02-CR-30042-MAP if, within seven days of the date of the amended judgment, counsel for Petitioner, or Petitioner, pro se, has not filed such notice of appeal.

Based on the foregoing, Petitioner's Motion to Vacate (Dkt. No. 1) is hereby ALLOWED. The clerk will enter judgment for Petitioner. This case may now be closed.

It is So Ordered.

<pre>
                              /s/ Michael A. Ponsor
                              MICHAEL A. PONSOR
                              U. S. District Judge
</pre>