UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN SECTION

3:05-cv-30205-MAP

UNITED STATES OF AMERICA

vs.

BRENDAN McGARRETT

DEFENDANT'S MEMORANDUM FOR RESENTENCING
PURSUANT TO RULE 34(A), F.R.CRIM.P.

Defendant Brendan McGarrett moves the Court to correct his sentence on the ground that he was erroneously sentenced as a career offender because one of his prior South Dakota felonies did not qualify as a crime of violence pursuant to Taylor v. United States, 495 U.S. 575 (1990) and Shepard v. United States, 544 U.S. 13 (2005).

I. Procedural Background.

Mr. McGarrett was indicted November 21, 2002 and charged in three counts with: (1) possession of a sawed-off shotgun in violation of 26 U.S.C. §5861(d); (2) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) ; and (3) being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Each count was based on events occurring July 11-12, 2002.

On June 9, 2004 Mr. McGarrett pleaded guilty to each of these three counts without a plea agreement. A presentence report was prepared on August 6, 2004; Mr. McGarrett filed objections on September 29, 2004 which the Government opposed on October 28,

1

2004. The presentence report was revised November 9, 2004 to reflect Mr. McGarrrett's objections. On December 14, 2004 Mr. McGarrett was sentenced to 115 months imprisonment to be followed by three years of supervised release. Judgment was entered December 28, 2004. Neither party filed a notice of appeal.

On September 16, 2005 Mr. McGarrett filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255, alleging (1) that trial counsel's failure to file a notice of appeal constituted ineffective assistance of counsel; (2) that counsel was ineffective for failing to argue that his prior South Dakota conviction for grand theft was not a crime of violence; and (3) that trial counsel was ineffective for failing to argue that his current conviction for possession of an unregistered sawed-off shotgun was not a crime of violence. Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to Title 28 U.S.C. § 2255, District Court Docket # 59. On February 23, 2007 the Court allowed the motion, vacated the original judgment, and entered an amended judgment reimposing the original sentence of 115 months imprisonment followed by three years of supervised release. District Court Docket ## 60, 61.

The District Court entered a notice of appeal on Mr. McGarrett's behalf on March 1, 2007. The appeal was entered in the United States Court of Appeals for the First Circuit on March 14, 2007. Following a series of administrative orders, that Court established November 23, 2007 as the date for filing Mr. McGarrett's Brief and Appendix.

Meanwhile, on October 7, 2007 Mr. McGarrett filed pro se Defendant's Motion For Leave To File A Motion For Correction Of Sentence Pursuant To Fed.R.Crim.P. 35(a), Nunc Pro Tunc which was allowed without opposition on October 26, 2007. It is this ruling

which has prompted the instant motion.

II. <u>The Court Erred In Determining That Mr. McGarrett Had Been Previously Convicted Of Two Crimes Of Violence</u>.

Relying on the PSR [¶38] the Court found Mr. McGarrett to be a career offender [U.S.S.G. §2K2.1(a)(1) with a base offense level of 26.[1] Mr. McGarrett received a three level reduction for acceptance of responsibility, resulting in a total offense level of 23. 12-14-04Tr:9. The career offender finding automatically placed Mr. McGarrett in Criminal History Category VI. Id:10-11; USSG, §4B1.1(b), resulting in a sentencing range of 92-115 months. 12-14-04Tr:11, 20. The Court imposed a sentence of 115 months, followed by three years supervised release. Id:29-34.

Mr. McGarrett asserts here that the record does not support the Court's career offender finding and that correction of that finding results in a base offense level of 22, a total offense level of 19, and a CHC of IV; leading to a sentencing range of 46-57 months. U.S.S.G., Sentencing Table. Because he has served more than 57 months in federal custody, Mr. McGarrett seeks a prompt consideration of this motion and resentencing at the Court's earliest convenience.

A. <u>The Court Erred In Classifying Mr. McGarrett's South Dakota Conviction For Grand Theft As A Crime Of Violence</u>.

To be classified as a career offender a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G., §4B1.1(a)(3). For this purpose, "crime of violence" is defined as:

---

[1] The Court's finding that Mr. McGarrett was a career offender increased his Criminal History Category from IV [he had 9 criminal history points, PSR, §71] to VI. Id:10.

3

> "(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G., §4B1.2(a). In determining whether a prior conviction is a "crime of violence," the Court was required to employ the "categorical analysis" prescribed by the Supreme Court in Taylor v. United States, 495 U.S. 575 (1990). In that analysis, the facts of the particular crime in question are not relevant; it is the elements of the crime as defined in the statute or in the charging papers which determine whether the earlier conviction was a crime of violence. Taylor, 495 U.S. at 600-601.

Taylor construed the terms of 18 U.S.C. §924(e), the Armed Career Criminal Act [ACCA] and its application to the crime of burglary. The operative ACCA term, "violent felony" as defined in 18 U.S.C. §925(e)(2)(B)[2], has the same meaning as the corresponding term "crime of violence" used in U.S.S.G. §§ 4B1.1 and 4B1.2. United States v. Bell, F2d 703, 704 (1st Cir. 1992). Given this fact, "we look generally to cases pertaining to either provision to elucidate the nature of the categorical inquiry." United States v. Delgado, 288 F3d 49, 53 n. 5 (1st Cir. 2002). As in applying §924(e)(1), the Court must ordinarily refer only to the statute to identify the elements of the crime of conviction.

---

[2]"[T]he term violent felony means any crime punishable by imprisonment for a term exceeding one year . . . that –
  (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
  (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

Shepard v. United States, 544 U.S. 13, 17 (2005), *quoting* Taylor, supra at 602.[3]  The objective is to determine whether the state court "necessarily" found all of the elements of a violent crime.  In this case, the issue is whether the South Dakota court which accepted Mr. McGarrett's guilty plea necessarily found that he had taken property from the person of another.

Under Shepard and Taylor, before applying the career offender provision to Mr. McGarrett, this Court was required to determine which elements the defendant "necessarily admitted" in his state court plea by looking at "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."  Shepard, supra at 26.  Shepard applies to Mr. McGarrett's case, United States v. Jackson, 409 F3d 479, 479-480 (1st Cir. 2005).  The South Dakota statute under which Mr. McGarrett was convicted defines grand theft both in terms that do not meet the terms of "crime of violence" and in terms that do.  Therefore, the terms of the statute standing alone do not support a "crime of violence" determination.  The burden was on the government to establish that Section 2K2.1(a)(1) applied to Mr. McGarrett's sentencing.  United States v. Shepard, 231 F3d 56, 69 (1st Cir. 2001).  The record of Mr. McGarrett's South Dakota guilty plea, on the other hand, establishes that his conviction was not a crime of violence.

Mr. McGarrett was convicted under a South Dakota statute which provided: "Any

---

[3]Because Shepard and Taylor interpret the same statute which Congress did not modify in the interim, the two decisions reflect a "settled statutory meaning." Shepard, supra at 23.

person who takes, or exercises control over, property of another with intent to deprive him of it, is guilty of theft. S.D.C.L. 22-30A-1. In 1993 and 1994, Section 17 of that statute defined "theft" as "grand theft" if:

> (1) The value of the property stolen exceeds five hundred dollars;
> (2) [Repealed by S.L. 1990, ch. 165, §2.];
> (3) Property of any value is taken from the person of another;
> (4) In the case of theft by receiving stolen property, the receiver is a dealer in stolen property, the value of the property stolen exceeds five hundred dollars in value; or
> (5) The property stolen is cattle, horses, mules, buffalo, or captive nondomestic elk.

S.D.C.L. 22-30A-17. As the statute plainly states, except as defined in §22-30A-17(3), "grand theft" does not have as an element the use, attempted use, or threatened use of physical force against the person of another. Grand theft is not listed as a violent crime in §4B1.1(2)(a)(2). Thus, Mr. McGarrett's grand theft conviction cannot be considered a violent crime unless he was convicted of taking property from the person of another. It clearly did not.

The PSR described this "grand theft" conviction in terms of the underlying facts drawn from "Police Department records" but did not cite the statute of conviction, describe or produce the charging document, nor describe nor produce a record of the guilty plea on which he was convicted. PSR §67, pp. 15-16. McGarrett objected to this paragraph of the PSR on the ground that he did not "stipulate to these facts nor were they found by a jury that the defendant had prior felony convictions." PSR, Objection #5, p. 35. In the Section 2255 proceeding, Mr. McGarrett produced a document under the heading of the South Dakota Circuit Court entitled "Official Statement" which appears to be a guilty plea finding. It is a copy of a certified document which bears the signatures of the judge, the clerk and the prosecutor. A copy is attached hereto as Exhibit A.

The "Official Statement" discloses that Mr. McGarrett pleaded guilty to the following ["Committed as follows]:

> "That on or about the 22nd day of August, 1993, in the county of Davison, State of South Dakota, Brendan A. McGarrett committed the public offense of Grand Theft (Class A Felony), in violation of SDCL 22-30A-1, in that he took or exercised control over property of another, to-wit: cash belonging to the Corner Pantry, with intent to deprive the Corner Pantry of said property, the value of which is more than $500.00; contrary to statute in such case made and provided against the peace and dignity of the State of South Dakota."

Exhibit A. These documents establish that the PSR was inaccurate and that this particular South Dakota conviction was not for a crime of violence. Further, the PSR's reliance on police department information violated Shepard:

> "The question here is whether a sentencing court can look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary. We hold that it may not, and that a later court determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."

544 U.S. at 16. The Taylor-Shepard holdings apply to all predicate convictions: "Although Taylor involved prior burglaries, as this case does, our holding in Taylor covered other predicate ACCA offenses. 495 U.S., at 600, 109 L.Ed. 2d 607, 110 S.Ct. 2143."

The South Dakota grand theft conviction was not for a crime of violence and therefore could not serve as a predicate conviction for application of a career offender enhancement. Without this conviction, the government failed to establish that Mr. McGarrett could be sentenced as a career offender.

B. Mr. McGarrett's Correct Guidelines Sentencing Range Was Forty-six To Fifty-seven Months.

Because Mr. McGarrett's South Dakota conviction for grand theft was not a crime

of violence, his base offense level should have been calculated under U.S.S.G. §2K2.1(a)(3) rather than §2K1.1(a)(1). This yields a BOL of 22, reduced to 19 with the 3 points for acceptance of responsibility. In addition, Mr. McGarrett's 9 criminal history points yield a criminal history category of IV rather than the VI automatically imposed by the erroneous career offender designation. These intersect to produce a sentencing range of 46-57 months rather than the 92-115 months range applied in Mr. McGarrett's sentencing. He has been in federal custody since March 15, 2003. PSR face sheet, "Custodial Status." Thus, even without statutory deductions, he has served more than 56 months of his sentence.

### III. The Court Has Authority To Grant The Relief Requested.

Mr. McGarrett's October 4, 2007 pro se motion is captioned "Defendant's Motion For Leave To File A Motion For Correction Of Sentence Pursuant To Fed.R.Crim.P. 35(a), Nunc Pro Tunc." Although it bears both the docket number of his criminal case and the docket number of his Section 2255 case, the motion was filed in the Section 2255 case. In his Section 2255 motion, Mr. McGarrett asserted the Taylor-Shepard claim he reasserted in his October 4, 2007 motion. This latter motion invoked Rule 35(a) of the Rules of Criminal Procedure, but the substance of it is really a motion to reconsider this Court's decision not to rule on the Taylor-Shepard claim pleaded in his Section 2255 petition. Because it is the substance of the motion and the relief sought which should determine how it is characterized and adjudicated, the Court may address both grounds for relief. Mr. McGarrett submits that, regardless of how it is characterized, his request for relief is meritorious and the Court has the authority to grant it.

A. <u>The Error In Mr. McGarrett's Sentence Constitutes A "Clear Error" Under Rule 35(a) And May Be Corrected Either Under That Rule Or On A Motion For Reconsideration.</u>

The Court has authority to correct a "clear error" in a sentence under Rule 35(a). The First Circuit has held that a sentence "based on a mistake as to the applicable statutory maximum" constitutes an error correctable under former Rule 35(c), now Rule 35(a). <u>United States v. Goldman</u>, 41 F3d 785, 789 (1st Cir. 1994). The error here was based on an equivalent mistake, a Guidelines error which led to a miscalculation of the applicable sentencing range.

At this point in time, the Court may not have jurisdiction to act under Rule 35(c) because more than 7 days have passed since the amended judgment was entered February 23, 2007. However, Mr. McGarrett's pro se motion was filed in his Section 2255 case, which the Court granted in part without ruling on his claims on the merits. the Court has the authority to consider Mr. McGarrett's motion as a "motion for reconsideration" which it has allowed to be filed *nunc pro tunc*. See, <u>United States v. Ibarra</u>, 502 U.S. 1 (1991); <u>United States v. Carmouche</u>, 138 f3d 1014, 1018-1020 (5th Cir. 1998)(DeMoss, J., concurring).

In <u>Ibarra</u> the Supreme Court held that a motion for "reconsideration of a question decided at trial that will affect an alteration of the rights adjudicated" renders the judgment nonfinal if filed within 30 days of the judgment. <u>Ibarra</u>, 502 U.S. at 7. <u>Ibarra</u> is based on the <u>Healy</u> doctrine [<u>United States v. Healy</u>, 376 U.S. 75, 84 (1964)] which in turn reflects the fact that "the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment nonfinal for purposes of appeal for so long as the petition is pending." <u>United States v. Dieter</u>, 429 U.S. 6, 8 (1976). The

9

benefits of this rule are significant:

> "district courts are given the opportunity to correct their own alleged errors, and allowing them to do so prevents unnecessary burdens being placed on the courts of appeals."

Ibarra, 502 U.S. at 5. The effect of this Court's October 26, 2007 allowance of Mr. McGarrett's pro se motion nunc pro tunc renders it a pending motion at this time.

Mr. McGarrett's criminal appeal is currently in the United States Court of Appeals for the First Circuit and he is seeking the same relief in that appeal as in this Section 2255 proceeding. This Court may nevertheless act on Mr. McGarrett's motion to reconsider in the criminal case if it desires to do so and the Court of Appeals concurs. The procedure to be followed is set out in Commonwealth of Puerto Rico v. The SS Zoe Colocotroni, 601 F2d 39 (1st Cir. 1979); United States v. Graciani, 61 F3d 70, 78 (1st Cir. 1995). The SS Zoe Colocotroni procedure calls on the district court to initially screen the motion for reconsideration, quickly denying those which appear to be without merit. 601 F2d at 42. If the Court is inclined to grant the motion, it should issue a brief memorandum to that effect. Id. Mr. McGarrett will then move in the Court of Appeals for a limited remand so that this Court can vacate judgment and act on the motion. Id.

If this Court concludes that the motion is not frivolous but requires more than a few days to conscientiously decide it, it should issue a brief memorandum to that effect, specifying the time period it will need to complete its review and issue a decision. 601 F2d at 42, n.3. Mr. McGarrett will then move the Court of Appeals for a brief stay of appellate proceedings for the period specified in this Court's memorandum.

In the present case, Mr. McGarrett's appellate brief is due to be filed November 23, 2007. In the event the Court denies McGarrett's motion to reconsider, the Court of Appeals

10

will entertain a request to consolidate his appeal of that order with is appeal of his sentence. 601 F2d at 42.

But the October 4, 2007 motion was filed in and acted upon in Mr. McGarrett's Section 2255 case, which is not before the Court of Appeals. In that case, the Court granted Mr. McGarrett's Section 2255 motion in part and took the steps necessary to reinstate his direct appeal. The Court did not rule on Mr. McGarrett's Section 2255 claims challenging his sentence on Taylor-Shepard grounds, and arguing that his trial counsel was ineffective in failing to assert his Taylor-Shepard claim at the time of sentencing. These were appropriate Section 2255 claims. Massaro v. United States, 538 U.S. 500, 504-508 (2003); Glover v. United States, 531 U.S. 198, 203-204 (2001). Having allowed Mr. McGarrett's October 4, 2007 pro se motion, the Court has reopened the Section 2255 case and has the authority to decide the Taylor-Shepard claim in this proceeding. The Supreme Court has held that Section 2255 is the preferred method of deciding ineffective assistance of counsel claims. Massaro, supra.

CONCLUSION.

Mr. McGarrett's sentence is flawed by a substantial error which this Court can correct, thereby obviating his criminal appeal. The Court's power to act in the criminal case is problematic because of Rule 35(a)'s temporal limitations and the fact that the criminal case is currently in the Court of Appeals, although the foregoing memorandum establishes that it can be done. The Court's power to act in the Section 2255 case is clear as is its authority to grant the relief sought. Since it was allowed *nunc pro tunc*, and without government opposition, the motion to reopen the Section 2255 proceedings is timely. The fact that Mr. McGarrett has served the maximum sentence which can lawfully be imposed

on his conviction militates strongly in favor of proceeding in this manner. The fact that, if the Court grants the relief Mr. McGarrett requests, his criminal appeal will be obviated, recommends the Section 2255 approach further. Accordingly, Mr. McGarrett requests an order setting aside his February 23, 2007 sentence and resentencing him on the terms advocated in this memorandum.

Respectfully submitted,
Brandon A. McGarrett, Defendant


By /s/ John M. Thompson
John M. Thompson, BBO # 496780
THOMPSON & THOMPSON, P.C.
1331 Main Street, Suite 320
Springfield, MA 01103

[413] 739-2100
[413] 739-2300 fax

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper will copies will be sent to those indicated as non registered participants on this 19th day of November, 2007.

/s/ John M. Thompson
John M. Thompson

STATE OF SOUTH DAKOTA  )
COUNTY OF DAVISON      )   FOURTH JUDICIAL CIRCUIT

FILED IN CIRCUIT COURT
DAVISON COUNTY, S.D.
AND RECORDED IN VOL_____
OF _____) PAGE _____

STATE OF SOUTH DAKOTA,          )          CR 93-457
                Plaintiff,      )
                                )
        vs.         APR 15 1994 )          OFFICIAL STATEMENT
                                )
BRENDAN A. McGARRETT,           )
                Defendant.      )  Carol J. Mertens
                                   CLERK OF CIRCUIT COURT

CHARGE: Grand Theft (Class 4 Felony), SDCL 22-30A-1. (Additional charges of first degree robbery, aggravated assault, and first degree burglary have been dismissed by the State.)

Committed as follows: That on or about the 22nd day of August, 1993, in the County of Davison, State of South Dakota, Brendan A. McGarrett committed the public offense of Grand Theft (Class 4 Felony), in violation of SDCL 22-30A-1, in that he took or exercised control over property of another, to-wit: cash belonging to the Corner Pantry, with intent to deprive the Corner Pantry of said property, the value of which is more than $500.00; contrary to statute in such case made and provided against the peace and dignity of the State of South Dakota.

PLEADS: Guilty

SENTENCE: Five (5) years in the South Dakota State Penitentiary with credit given for _57_ days served, to be applied toward good time, to run concurrently with penitentiary sentence imposed in Pennington County, South Dakota.

ASSOCIATES: Unknown

HABITS: Unknown

REPUTATION: See attached record history. Also, Defendant convicted in Pennington County, South Dakota, and sentenced to the South Dakota State Penitentiary.

DISPOSITION BEHAVIOR WHILE AWAITING TRIAL: Defendant was incarcerated in the Pennington County, South Dakota, jail pending charges.

Dated this _15_ day of April, 1994, at Mitchell, Davison County, South Dakota.

BY THE COURT:

Lee D. Anderson
Judge of the Circuit Court

ATTEST:

/s/ CAROL J. MERTENS
Clerk of Courts
By _Pam Sedivy_
     Deputy

(SEAL)

Douglas N. Papendick
State's Attorney
Davison County, South Dakota

EXHIBIT A

12