UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRENDAN MCGARRETT            )   CV. NO. 05-30205-MAP
   Petitioner               )
      vs.                   )
                             )
UNITED STATES                )
   Respondent

GOVERNMENT'S SECOND RESPONSE TO DEFENDANT'S MOTION
AND MEMORANDUM FOR RESENTENCING
PURSUANT TO RULE 35(A), F.R.CRIM.P.

The United States of America, by and through its undersigned attorneys, files its Second Response to Defendant's Motion and Memorandum for Resentencing Pursuant to Rule 35(A), F.R.Crim. P. The government relies on the following in support thereof.

The defendant was sentenced on December 14, 2004, to 115 months in federal prison subsequent to his guilty pleas for several firearms offenses. No direct appeal was filed. The defendant filed a pro se Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 on September 16, 2005, Cv. No. 05-30205-MAP. On February 23, 2007, the Court allowed the Motion, in essence, so that the defendant could file a Notice of Appeal which he had requested his attorney to file after his guilty plea but which he had not filed. The defendant's brief in case No. 07-1401 was filed on November 23, 2007. The defendant also filed a Rule 35 motion which is pending before this Court. The issues raised in the First Circuit brief and the Rule 35 motion are essentially identical.

The defendant's Rule 35 Motion is not timely in that the

period for the Court to change the sentence based upon clear error is limited to seven days. F.R.Crim. P. 35(a), <u>United States v. Burgos-Andujar</u>, 275 F.3d 23, 32 (1st Cir. 2001). Therefore, even though titled a Rule 35 motion, the defendant's request for a new sentence is actually a 28 U.S.C. § 2255 petition.

Finally, because issues before this Court are a <u>de facto</u> § 2255 petition, this Court should not rule on the motion because these issues are pending before the First Circuit. In <u>United States v. Gordon</u>, 634 F.3d 638, 638 (1st Cir. 1980) the Court held "... in the absence of 'extraordinary circumstances,' the 'orderly administration of criminal justice' precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending...". Internal citations omitted.

Therefore, this Court should not rule on the defendant's motion but rather defer to the First Circuit.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

      By: /s/ Todd E. Newhouse
          Todd E. Newhouse
          Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

Hampden,  ss.                Springfield, Massachusetts
                                    November 27, 2007

    I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, via ECF to all counsel of record.

                                        /s/ Todd E. Newhouse  
                                        TODD E. NEWHOUSE  
                                        Assistant U.S. Attorney